UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO B., <br><br> Plaintiff, <br><br> v. <br><br> Andrew SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No.:  19-cv-0786-AGS <br><br> **ORDER ON SUMMARY-JUDGMENT MOTIONS (ECF 12 & 13)** |

In denying disability benefits, the Social Security Administration never discussed claimant's well-documented PTSD diagnosis. The key question is whether that oversight was harmless error.

## BACKGROUND

At his disability hearing, claimant Lorenzo B. testified that at a 2010 get-together, someone slashed his throat. (AR 51.) Medical staff needed 17 staples to stitch up the wound, which left a permanent scar. (AR 51-52.) According to Lorenzo, this incident still causes him "flashbacks . . . . [a]ll the time," in which he "freeze[s] in public," as well as "night terror[s]" and "crying spells." (AR 52, 55.) Due to this trauma, several medical professionals diagnosed Lorenzo with PTSD. (*See* AR 134, 402-03, 441, 681, 833.) His treating psychiatrist found that the PTSD caused "consistent sleep impairment," "hypervigilance," an "impair[ed] . . . ability to interact with others," and "an increase in depressive symptoms." (AR 808; *see also* AR 55, 811.) At the end of the disability hearing,

Lorenzo's attorney asked the ALJ to consider whether his client met or exceeded medical Listing 12.15, concerning trauma- and stressor-related disorders. (AR 66); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.15.

Despite an otherwise thorough analysis of the medical evidence, the ALJ never discussed Lorenzo's PTSD diagnosis, nor Listing 12.15. Instead, the ALJ found that Lorenzo had four other severe mental impairments, but still rejected his disability-benefits application. (AR 19, 30.)

## DISCUSSION

On appeal, Lorenzo argues—among other things—that the ALJ erred at Steps 2 and 3 of the Social Security Administration's required five-step evaluation.

**A.   Step 2: Severe Impairment**

At Step 2, claimant bears the burden of showing a medically "severe impairment" or "combination of impairments." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). That burden is slight. Step 2 is a "de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (alterations omitted). At this step, every impairment is "severe" unless the medical evidence "clearly establishe[s]" a "slight abnormality that has no more than a minimal effect on an individual's ability to work." *Id.* at 686-87.

Lorenzo argues that the ALJ erred at Step 2 by not "list[ing] PTSD as a severe impairment." (ECF 12, at 12.) The ALJ never mentioned PTSD in his Step 2 discussion (AR 19-20), even though the treating psychiatrist found that Lorenzo's PTSD caused "consistent sleep impairment," "hypervigilance, nightmares, . . . irritability," an "impair[ed] . . . ability to interact with others," self-isolation, and "an increase in depressive symptoms." (AR 808.) These PTSD symptoms easily meet the de minimis Step 2 screening standard for a severe impairment, and are well-established by the medical record. (*See, e.g*., AR 134, 149, 402-03, 423, 431, 441, 681, 744, 833.) Thus, this Court finds that the ALJ erred by ignoring PTSD at Step 2.

The Commissioner does not argue otherwise, but contends any error was harmless. (*See* ECF 13-1, at 5.) An ALJ's erroneous omission of an impairment at Step 2 is harmless when the ALJ "nonetheless considers the limitations posed by the impairment" at a later step in the inquiry. *See Michaud v. Saul*, No. 18-cv-02625-JLS-MDD, 2019 WL 5684411, at *3 (S.D. Cal. Nov. 1, 2019); *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding Step 2 error harmless when the "ALJ extensively discussed [claimant's] bursitis at Step 4 of the analysis").

But the ALJ *never* considered all the limitations posed by Lorenzo's PTSD. First, the ALJ never discussed Lorenzo's reported PTSD symptoms of "flashbacks," hypervigilance, and "start[l]ing more easily." (*Compare* AR 22-27 *with* AR 403, 423, 808, 811, 833, 860.) Nor did he evaluate the combined effects of these symptoms. Second, although the record is littered with references to Lorenzo's PTSD diagnosis, the ALJ never mentioned that diagnosis. (*Compare* AR 25 *with* AR 134, 149, 402-03, 423, 431, 441, 681, 744, 808, 833.) Even while discussing "mental health treatment" for various psychiatric conditions, the ALJ skipped over the PTSD diagnosis. (AR 25.) In fact, the ALJ's sole passing reference to "post-traumatic stress disorder" was in the context of the impairments Lorenzo claimed in his "disability report." (AR 23.) Third, the ALJ's Residual Functional Capacity assessment included no restrictions linked to PTSD.[1] (AR 22.) Finally, while not dispositive, the ALJ never mentioned the throat-slashing trauma that led to Lorenzo's PTSD, even though Lorenzo testified about it. (*Compare* AR 22-27 *with* AR 51-52.)

Because the ALJ failed to later analyze Lorenzo's PTSD, the error was not harmless and "[r]emand is required so that an ALJ can proceed beyond step two . . . with respect to

---

[1] In fairness to the ALJ, he imposed Residual Functional Capacity limitations of "no public interaction" and "occasional interaction with supervisors and co-workers." (AR 22.) But in justifying those mental-health restrictions, the ALJ focused on Lorenzo's "treatment for the diagnoses of depression, anxiety disorder, psychotic disorder, and bipolar disorder," not the PTSD diagnosis. (AR 25; *see also* AR 26.)

plaintiff's severe impairment of [PTSD]." *See Cable v. Astrue*, No. CIV S-06-0515 DAD, 2007 WL 2827798, at *6 (E.D. Cal. Sept. 27, 2007).

**B.    Step 3: Listing 12.15**

At Step 3, the ALJ determines whether claimant has "an impairment" or "combination of impairments" that meet or equal the criteria of any of the conditions cataloged in the "'Listing of Impairments' (referred to as the 'listings')." *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). An ALJ who does not adequately "consider a Listing that plausibly applies to the claimant's case" commits error. *Torres v. Saul*, Case No. 5:19-CV-00049 (VEB), 2019 WL 7882061, at *7 (C.D. Cal. Oct. 31, 2019). Lorenzo contends that the ALJ erred by failing to consider whether he met or equaled Listing 12.15, regarding trauma- and stressor-related disorders. (ECF 12, at 15.)

The Commissioner argues that Lorenzo presented no evidence of PTSD, so the "ALJ had no duty to discuss Listing 12.15." (ECF 13-1, at 6-7.) But there was ample PTSD evidence at hand. *See* Section A, above. In addition to the voluminous medical records and repeated PTSD diagnoses, Lorenzo testified about his PTSD symptoms, and his attorney specifically asked the ALJ to consider Listing 12.15. (*See* AR 51-52, 66; *see also* AR 111, 129 (discussing Lorenzo's PTSD at prior administrative proceedings).) In short, Lorenzo easily cleared the low bar of showing that Listing 12.15 plausibly applied to him. It was error for the ALJ not to discuss it.[2]

---

[2] Finally, the ALJ erred in evaluating the opinion of treating psychiatrist Dr. Khatami. Although the ALJ did not give that treating doctor's opinion controlling weight, the ALJ was still supposed to properly weigh it according to the regulatory factors in 20 C.F.R. § 404.1527(c). *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). As to Dr. Khatami, the ALJ never considered at least one of those factors—"the length of the treatment relationship and the frequency of examination"—and that "failure alone [can] constitute[] reversible legal error." *See id*. at 676.

## C.     Remand Type

A court may remand for an immediate award of benefits when, among other things, "the ALJ would be required to find the claimant disabled on remand" and "further administrative proceedings would serve no useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Given the significant mental-health restrictions already imposed by the ALJ, this Court cannot say what impact the overlooked PTSD diagnosis and symptoms would have on the disability analysis. So, the case will be remanded for further proceedings.

## CONCLUSION

Lorenzo B.'s summary-judgment motion (ECF 12) is **GRANTED**, the Commissioner's summary-judgment motion (ECF 13) is **DENIED**, and the case is remanded for further proceedings consistent with this opinion.

Dated:  August 14, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge